IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CORNERSTONE WRECKER SALES, INC.				PLAINTIFF

v.				Case No. 3:08-cv-178-DPM

BOWER SERVICES, INC. and
BOWER RECOVERY SPECIALISTS, INC.			DEFENDANTS

ORDER

The discovery problems in this case continue. In June 2010, Cornerstone moved to compel answers to written discovery that it served on the Bower Defendants the day after the Court held a hearing that addressed some preliminary motions. The Court ruled (among other things) that Cornerstone was entitled to discovery on the fraudulent-transfer claim. And it admonished the parties to get this and other remaining discovery done soon so this case can stay on track for a jury trial. Cornerstone complied. It promptly served interrogatories and requests for production on the Bower Defendants. For reasons expressed in a prior order, *Document No. 71*, the Court later granted Cornerstone's motion to compel answers to that

discovery.

Bower Recovery Specialists, Inc. has since responded to Cornerstone's written discovery, belatedly objecting to some of it. Cornerstone then filed a motion for sanctions, Document No. 74, arguing that not one document was actually produced to Cornerstone by the Bower entities and that they objected to three of Cornerstone's requests for production of documents.[*] *Ibid.* The Court notes that its order compelling responses said, "The Bower Defendants must answer Cornerstone's written discovery requests in full by 27 August 2010." Document No. 71.

A procedural wrinkle crept into the case when Bower Services, Inc. recently filed for Chapter 7 bankruptcy in Texas. Here, two things strike the Court. First, the order granting the motion to compel preceded the bankruptcy filing by more than a week. More importantly, the bankruptcy filing affects only one of the Bower Defendants. Bower Recovery is not a party to the bankruptcy case. This is important because the deficient discovery responses that Cornerstone has brought to the Court's attention,

---

[*]Cornerstone's motion for sanctions appears to be limited to its requests for production of documents.

2

*Document No.* 74-1, were directed to Bower Recovery—not the alleged bankrupt Bower Services.** Cornerstone's motion addresses Bower Recovery, not Bower Services.

An automatic stay typically attaches to litigation involving a party who has filed for bankruptcy, including a Chapter 7 bankrupt. 11 U.S.C.A. § 362(a); *In re Thomas*, 428 F.3d 735, 736–37 (8th Cir. 2005) (discussing stay in Chapter 7 case). But as the Eighth Circuit has recently recognized, "the stay required by section 362 should extend only to claims against [the debtor] . . . the stay is not available to nonbankrupt codefendants, even if they are in a similar legal or factual nexus with the debtor." *American Prairie Construction v. Hoich*, 560 F.3d 789, 789 (8th Cir. 2009) (internal quotation omitted). Cornerstone complains about Bower Recovery's discovery responses in its motions for sanctions, and this Court has the power and duty to handle discovery matters in this case as to that Bower entity.

---

**Counsel for Bower Services, Inc. advised this Court of the bankruptcy filing on August 27th and said that the bankruptcy case "stays further proceeding[s] regarding Bower Services, Inc. in this matter and suspends the authority of undersigned counsel to act further on behalf of Bower Services, Inc." *Document No.* 72. No mention is made, however, of any stay affecting Bower Recovery Specialists.

The Court disagrees with Bower Recovery's cramped contention that the Court's order compelling responses, *Document No. 71*, left the Bower Defendants wiggle room. The order did not allow belated objections to written discovery. The order likewise did not allow the response that documents would "be available for inspection and copying upon reasonable notice." The Court required the discovery to be answered "in full."

To resolve any doubt about the Court's ruling, the Court clarifies where things stand. The case is stayed against Bower Services because of the bankruptcy. This includes discovery from Bower Services. Bower Recovery, however, must fully respond to Cornerstone's written discovery by October 4th. Responsive documents of any kind whatsoever must be sent to Cornerstone's counsel in paper form or electronic form. The documents must be received by Cornerstone's counsel by the close of business on October 4th. No objection based on any ground besides a privilege will be allowed. Bower Recovery waived its right to object by not making any timely responses or objections to the discovery. FED. R. CIV. P. 34(b)(2)(A); *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 156 (S.D. Texas 2009) (collecting cases on waiver).

In other words, Bower Recovery must respond now to Cornerstone's requests for production absent a privilege issue. And if such an objection is raised, then Bower Recovery must submit a detailed privilege log to the Court and Cornerstone at the same time it responds to the requests for production of documents. Bower Recovery must also explain why any responsive document is being withheld. Because the privileges protected by the Rules of Evidence and statute are so important, the Court grants Bower Recovery the right to assert any applicable privilege notwithstanding this Defendant's earlier waiver of its right to object.

A second failure to comply with the Court's prior order, as clarified by this one, will result in an appropriate sanction under FED. R. CIV. P. 37.

\* \* \*

With the watchwords *now* and *complete* firmly in mind, Bower Recovery must respond to Cornerstone's requests for production of documents in accordance with this order by the close of business on October 4th. Cornerstone's current motion for sanctions, *Document No. 74*, is denied without prejudice.

5

The only hanging issue is attorney's fees related to Cornerstone having to file its successful motion to compel. Considering the governing rule and all the material circumstances, the Court awards a reasonable fee of $300.00. While the bankruptcy may have preoccupied the Bower entities and their lawyers in late August, the discovery responses were due a month earlier. And the overlap in ownership, controlling parties, and counsel between the Bower entities undercut Bower Recovery's explanation that Bower Services had the needed documents and information. Bower Recovery must pay Cornerstone this amount and certify the payment to the Court by 4 October 2010.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 Sept. 2010