IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CORNERSTONE WRECKER SALES, INC.**                               **PLAINTIFF**

v.                    Case No. 3:08-cv-178-DPM

**BOWER SERVICES, INC. and**
**BOWER RECOVERY SPECIALISTS, INC.**                        **DEFENDANTS**

## ORDER

In one paper, Bower Recovery moves for two things: a protective order against some fraudulent-transfer-related discovery from Cornerstone and an order of dismissal. Cornerstone agrees that its fraudulent-transfer claim belongs—at this point—to the trustee in Bower Services's bankruptcy, but asks for a stay rather than dismissal.

The Court denies the motion to dismiss and stays the case. The Court agrees that, whatever line of authority is considered, the fraudulent-transfer claim against Bower Recovery belongs to the trustee for now. *Compare S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc.*, 817 F.2d 1142, 1150 (5th Cir. 1987), *with In re Colonial Realty Co.*, 980 F.2d 125, 131–32 (2d Cir. 1992); *see also In re Thielking*, 163 B.R. 543, 545–46 (Bankr. S.D. Iowa 1994). But the case

should be stayed rather than dismissed so that the trustee can decide whether to prosecute this case, pursue Bower Recovery in the bankruptcy, or abandon the fraudulent-transfer claim.  The stay moots that part of Bower Recovery's motion seeking a protective order.

The Court orders Bower Recovery to file a notice providing the name and address of the trustee for Bower Services by 15 December 2010.  The Court directs the Clerk to mail a complete certified copy of the file in this case to the trustee by 22 December 2010.  The Court also orders both parties to provide a joint status report to this Court every sixty days starting 1 March 2011.

\* \* \*

Bower Recovery's motion, *Document No. 80*, is denied.  The case is stayed rather than dismissed; the request for a protective order is moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

10 Dec. 10

2